■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY NUESSLEIN, Appellant. [669 NYS2d 882] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lebowitz, J.), rendered July 15, 1996, convicting him of criminal possession of a weapon in the first degree (three counts), criminal possession of a weapon in the third degree (three counts), criminal possession of a weapon in the fourth degree (eight counts), possession of an assault rifle within New York City, possession of a shotgun without a permit, and possession of a rifle without a permit (nine counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ferdinand, J.), of that branch of the defendant's omnibus motion which was to suppress the weapons.

Ordered that the judgment is modified, on the law, by reversing the convictions of criminal possession of a weapon in the first degree under counts one, two, and three of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on those counts of the indictment.

Contrary to the defendant's contention, the hearing court correctly determined that the officers' warrantless entry into the defendant's apartment was justified under the emergency doctrine (*see, People v Mitchell*, 39 NY2d 173, *cert denied* 426 US 953; *People v Gallmon*, 19 NY2d 389; *People v Kane*, 175 AD2d 881; *United States v Boyd*, 407 F Supp 693). Consequently, that branch of the defendant's omnibus motion which was to suppress the weapons recovered from the apartment was properly denied.

However, under the particular facts of this case, the trial court erred in denying the defendant's application to offer psychiatric testimony to negate the element of specific intent in the three counts of criminal possession of a weapon in the first degree (*see,* Penal Law §§ 265.04, 265.15 [4]; *People v Segal*, 54 NY2d 58, 66; *People v Colavecchio*, 11 AD2d 161). Accordingly, the matter must be remitted for a new trial on those counts. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.